HANSON BRIDGETT LLP
DAVINA PUJARI, SBN 183407
dpujari@hansonbridgett.com
MERTON A. HOWARD, SBN 161125
mhoward@hansonbridgett.com
SAMIR J. ABDELNOUR, SBN 271636
sabdelnour@hansonbidgett.com
425 Market Street, 26th Floor
San Francisco, California 94105
Telephone:    (415) 777-3200
Facsimile:    (415) 541-9366

Attorneys for Defendants TETRA TECH EC,
INC. and TETRA TECH, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN ABBEY, *et al.*,<br><br>            Plaintiffs,<br><br>        v.<br><br>TETRA TECH EC, INC., *et al.*,<br><br>            Defendants. | Case No. 3:19-cv-07510-JD<br><br>**DEFENDANTS TETRA TECH EC, INC.'S AND TETRA TECH, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:        September 24, 2020<br>Time:        10:00 a.m.<br>Courtroom: 11, 19th Floor<br>Judge:      Hon. James Donato |

16737547.1

1

**NOTICE OF MOTION AND MOTION**

2      PLEASE TAKE NOTICE THAT pursuant to the Stipulation and Order Regarding

3   Responsive Pleading Briefing (ECF No. 63), on September 24, 2020, at 10:00 a.m., or as soon

4   thereafter as counsel may be heard, in Courtroom 11, 19th Floor, United States District

5   Courthouse, 450 Golden Gate Avenue, San Francisco, California, before Judge James Donato,[1]

6   and pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6), Defendants Tetra Tech, EC,

7   Inc. ("TtEC") and Tetra Tech, Inc. ("TTI") (collectively "Defendants") will and hereby do move

8   this Court to dismiss Plaintiffs' First Amended Complaint for Damages ("Complaint") (ECF No.

9   40) in its entirety and with prejudice. Defendants request that the Court dismiss the Complaint

10   because each of Plaintiffs' causes of action is barred by the applicable statute of limitations.

11   Defendants further request that the Court dismiss Plaintiffs' claims under the Racketeer Influenced

12   and Corrupt Organization Act, 18 U.S.C. § 1961 *et seq.* ("RICO"), because Plaintiffs have not

13   alleged an enterprise or an injury to a business or property interest, and have not pled their claims

14   with sufficient particularity as required by FRCP 9(b). Alternatively, Defendants request that if the

15   Court does not dismiss the Complaint in its entirety, that the Court sever improperly joined

16   Plaintiffs and strike the class allegations in the Complaint pursuant to FRCP 12(f).

17      This motion is based upon this Notice of Motion, the attached Memorandum of Points and

18   Authorities, Request for Judicial Notice, and all of the pleadings, files, and records in this

19   proceeding, all other matters of which the Court may take judicial notice, and any other

20   information and argument before the Court at the hearing.

21   DATED:  July 30, 2020                    HANSON BRIDGETT LLP

22

23                                    By:    */s/ Samir J. Abdelnour*

24                                           DAVINA PUJARI
                                             MERTON A. HOWARD
25                                           SAMIR J. ABDELNOUR
                                             Attorneys for TETRA TECH EC, INC. AND
26                                           TETRA TECH, INC.

27   _____
[1] Subject to General Order No. 72-4.

28

16737547.1

# <u>TABLE OF CONTENTS</u>

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................1

I.      STATEMENT OF ISSUES TO BE DECIDED..................................................................1

II.     INTRODUCTION.............................................................................................................1

III.    FACTUAL BACKGROUND .............................................................................................2

IV.     LEGAL STANDARDS ......................................................................................................4

V.      ARGUMENT ....................................................................................................................4

        A.      Plaintiffs' Claims Are Untimely. ....................................................................4

        B.      Plaintiffs Fail to State A Civil RICO Claim Against Defendants. ..............................7

                1.      Plaintiffs Have Not Pled a RICO Enterprise. ............................................8

                2.      Plaintiffs' Alleged Personal Injuries Are Not Actionable Under
                        RICO. ....................................................................................................9

                3.      Plaintiffs' Civil RICO Claims Are Not Pled With Particularity. ..................10

        C.      The Complaint Is an Impermissible Shotgun Pleading. ..........................................11

                1.      Improperly Joined Claims Should Be Severed. ...........................................11

                2.      The Complaint Violates FRCP 8 and 10..................................................12

                3.      The Class Allegations Should Be Stricken. ...............................................12

VI.     CONCLUSION ...............................................................................................................13

16737547.1

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Federal Cases**

4

*In re All Terrain Vehicle Litig.*
    771 F. Supp. 1057 (C.D. Cal. 1991)................................................................10

5

6

*Amchem Prods., Inc. v. Windsor*
    521 U.S. 591 (1997) .........................................................................................12

7

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009) .....................................................................................4, 12

8

9

*B.G.N. Fremont Square Ltd. v. Chung*
    No. 10-cv-09749-GAF, 2013 WL 12128797 (C.D. Cal. Sept. 4, 2013) ....................7

10

11

*Bautista v. Los Angeles County*
    216 F. 3d 837 (9th Cir. 2000).............................................................................12

12

*Bell Atl. Corp. v. Twombly*
    550 U.S. 544 (2007) .....................................................................................4, 12

13

14

*Bobosky v. adidas AG*
    No. 10-CV-00630-PK, 2011 WL 13250946, *2 (D. Or. Jun. 21, 2011)...................12

15

16

*Bokaie v. Green Earth Coffee LLC*
    No. 18-cv-05244-JST, 2018 WL 6813212 (N.D. Cal. Dec. 27, 2018) .....................9

17

*Canyon County v. Syngenta Seeds, Inc.*
    519 F.3d 969 (9th Cir. 2008)...............................................................................9

18

19

*Capitol W. Appraisals v. Countrywide Fin. Corp.*
    No. C08-1520RAJ, 2009 WL 10677052 (W.D. Wash. Sept. 30, 2009) ...................9

20

21

*Chagby v. Target Corp.*
    358 Fed. Appx. 805 (9th Cir. 2009) .....................................................................8

22

*Conservation Force v. Salazar*
    646 F.3d 1240 (9th Cir. 2011).............................................................................4

23

24

*Diaz v. Gates*
    420 F.3d 897 (9th Cir. 2005)...............................................................................9

25

26

*Dunson v. Cordis Corp.*
    No. 16-cv-03076-SI, 2016 WL 3913666 (N.D. Cal. July 20, 2016)......................10

27

28

*Edwards v. Marin Park, Inc.*
    356 F.3d 1058 (9th Cir. 2004) ................................................................................................ 10

*General Teleph. Co. of Southwest v. Falcon*
    457 U.S. 147 (1982) ............................................................................................................... 13

*Grimmett v. Brown*
    75 F.3d 506 (9th Cir. 1996) ...................................................................................................... 8

*Holmes v. Sec. Investor Prot. Corp.*
    503 U.S. 258 (1992) ................................................................................................................. 9

*Huynh v. Chase Manhattan Bank*
    465 F.3d 992 (9th Cir. 2006) .................................................................................................... 4

*Jablon v. Dean Witter & Co.*
    614 F.2d 677 (9th Cir. 1980) .................................................................................................... 4

*Jackson v. Bank of America, N.A.*
    898 F. 3d 1348 (11th Cir. 2018) ............................................................................................. 11

*Kamm v. California City Dev. Co.*
    509 F.2d 205 (9th Cir. 1975) .................................................................................................. 13

*Koenig v. Bank of America, N.A.*
    No. 1:13-cv-0693 AWI BAM, 2013 WL 6839625 (E.D. Cal. Dec. 23, 2013) ..................... 9, 10

*Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*
    940 F.2d 397 (9th Cir. 1991) .................................................................................................. 10

*Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*
    431 F.3d 353 (9th Cir. 2005) .................................................................................................... 8

*Moore v. Kayport Package Exp., Inc.*
    885 F.2d 531 (9th Cir. 1989) .................................................................................................. 10

*In re N. D. Cal. Dalkon Shield IUD Prods. Liab. Litig.*
    693 F.2d 847 (9th Cir. 1982) .................................................................................................. 13

*Nordberg v. Trilegiant Corp.*
    445 F. Supp. 2d 1082 (N.D. Cal. 2006) .................................................................................... 9

*Odom v. Microsoft Corp.*
    486 F.3d 541 (9th Cir. 2007) (en banc) .................................................................................... 8

*Ott v. Mortgage Investors Corp. of Ohio, Inc.*
    65 F.Supp.3d 1046, 1062 (D. Or. 2014) ................................................................................. 13

16737547.1

*Ove v. Guinn*
  264 F.3d 817 (9th Cir. 2001) ..................................................................................9

*Pincay v. Andrews*
  238 F.3d 1106 (9th Cir. 2001) ................................................................................5

*Plumlee v. Pfizer, Inc.*
  664 Fed. Appx. 651 (9th Cir. 2016) .....................................................................5, 6

*Reese v. BP Exploration (Alaska) Inc.*
  643 F.3d 681 (9th Cir. 2011) ..................................................................................4

*RJR Nabisco, Inc. v. European Cmty.*
  136 S. Ct. 2090 (2016) ............................................................................................9

*SEC v. Bardman*
  216 F. Supp. 3d 1041, 1051 (N.D. Cal. 2017) ......................................................11

*Sedima S.P.R.L. v. Imrex Co.*
  473 U.S. 479 (1985) ................................................................................................9

*Sever v. Alaska Pulp Corp.*
  978 F.2d 1529 (9th Cir. 1992) ................................................................................9

*In re Silicon Graphics, Inc. Sec. Litig.*
  970 F. Supp. 746 (N.D. Cal. 1997) .......................................................................11

*Stitt v. Citibank, N.A.*
  748 Fed. Appx. 99 (9th Cir. 2018) .........................................................................8

*Swartz v. KPMG LLP*
  476 F.3d 756 (9th Cir. 2007) ................................................................................11

*Tietsworth v. Sears, Roebuck & Co.*
  720 F.Supp.2d 1123 (N.D. Cal. 2010) ..................................................................13

*In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, &*
  *Prods. Liab. Litig.*
  785 F. Supp. 2d 883 (C.D. Cal. 2011) ..............................................................10, 11

*Wal-Mart Stores, Inc. v. Dukes*
  564 U.S. 338 (2011) ..............................................................................................13

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

16737547.1

**California Cases**

*Beck Development Co. v. Southern Pacific Transportation Co.*
44 Cal.App.4th 1160 (Cal. Ct. App. 1996) ................................................................5

*Bockrath v. Aldrich Chemical Co., Inc.*
21 Cal.4th 71 (1988)................................................................................................12

*Butcher v. Truck Ins. Exchange*
77 Cal.App.4th 1442 (2000).......................................................................................5

*City of San Jose v. Superior Court*
12 Cal.3d 447 (1974).................................................................................................13

*Grisham v. Philip Morris U.S.A., Inc.*
40 Cal.4th 623 (2007)............................................................................................5, 6

*Jolly v. Eli Lilly & Co.*
44 Cal.3d 1103 (1988)................................................................................................7

*Lockheed Martin Corp. v. Superior Court*
29 Cal. 4th 1096 (2003)............................................................................................13

**Federal Statutes**

United States Code, Title 18 (Racketeer Influenced and Corrupt Organization Act
"RICO")
§ 1961 ............................................................................................................. *passim*
§ 1961(4) .............................................................................................................8
§ 1961(5) ............................................................................................................7, 8
§ 1962(b) ..............................................................................................................7
§ 1962(c) ............................................................................................................7, 9
§ 1962(d) ..............................................................................................................8

**California Statutes**

California Civil Code
§ 335.1 ....................................................................................................................5

16737547.1

**Other Authorities**

Federal Rules of Civil Procedure

Rule 8 ............................................................................................................4, 11, 12
Rule 8(a) ...............................................................................................................12
Rule 8(a)(2) .............................................................................................................4
Rule 9 ......................................................................................................................4
Rule 9(b) .............................................................................................................4, 10
Rule 10 ............................................................................................................4, 11, 12
Rule 10(b) ........................................................................................................4, 12
Rule 12(b)(6) ...........................................................................................................4
Rule 12(f) ..............................................................................................................13
Rule 23 ..................................................................................................................13

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

16737547.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    STATEMENT OF ISSUES TO BE DECIDED

1.    Is each of Plaintiffs' causes of action barred by the applicable statute of limitations?

2.    Does Plaintiffs' failure to plead the element of enterprise, failure to allege an injury to their business or property, and failure to plead allegations of fraud with particularity defeat their three-count cause of action under the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. § 1961 *et seq.* ("RICO")?

3.    Does Plaintiffs' "shotgun pleading" require the Court to sever improperly joined Plaintiffs and strike the class allegations in the Complaint?

## II.    INTRODUCTION

On its face, Plaintiffs' First Amended Complaint for Damages ("Complaint") is untimely as to all causes of action alleged against Defendants Tetra Tech EC, Inc. ("TtEC") and Tetra Tech, Inc. ("TTI") (collectively "Defendants"). Plaintiffs allege that they experienced various acute, adverse health symptoms during the time they worked at Hunters Point Naval Shipyard in San Francisco ("Hunters Point"), until most of them were relocated off the site in 2009.[2] Plaintiffs further allege that the United States Navy ("Navy") acknowledged an increased risk of cancer associated with Hunters Point in 2013. Also, in 2014, local media outlets began reporting extensively on allegations of wrongdoing related to the clean-up of Hunters Point conducted by TtEC under contracts with the Navy. Despite these widespread public allegations against TtEC, Plaintiffs waited more than five years—well beyond the statute of limitations for each of their causes of action—to initiate this case seeking damages for their alleged personal injuries.

In addition, Plaintiffs' Complaint is a classic example of impermissible "shotgun pleading." Despite spanning 63 pages containing 298 paragraphs, the Complaint does not include a single allegation indicating how any individual Plaintiff was harmed by Defendants' conduct, what specific injury or damages any individual Plaintiff allegedly has suffered, or how any

---

[2] Plaintiffs allege that their employer's lease of the "Building 606 Property is continuing, and some Group A Plaintiffs have continuing exposure," but the Complaint does not identify which individual Plaintiffs remain on site or have allegedly "continuing exposure." (*See* Compl., ¶ 162.)

individual Plaintiff's injuries allegedly were caused. Instead, Plaintiffs identify more than 90 different toxic substances and make general allegations that exposures to any one or combination of those substances over an undefined period of years caused 25 or more different types of personal injuries, "both diagnosed and undiagnosed, and known and presently unknown." (Compl., ¶ 225.) Such overly broad pleading does not naturally give rise to an inference of causation and is an impermissible form of mass tort litigation. For their claims to survive, each personal injury plaintiff must plead the unique and specific circumstances of his or her alleged exposures, injuries, and proximate cause.

Further, Plaintiffs assert an invalid civil cause of action under the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. § 1961 *et seq.* ("RICO"), based solely on their alleged personal injuries, which are not compensable under RICO, and which in any event fails to plead the elements of a RICO claim.

Plaintiffs cannot cure the untimeliness of their Complaint, or save their RICO cause of action, through further amendment. Therefore, the Court should dismiss Plaintiffs' Complaint in its entirety, with prejudice.

## III.    FACTUAL BACKGROUND

Plaintiffs filed their original complaint on November 14, 2019, on behalf of 539 individuals. (ECF No. 1.) On February 28, 2020, Plaintiffs filed their First Amended Complaint for Damages ("Complaint") on behalf of 654 individuals, including 475 current and former employees of the San Francisco Police Department ("SFPD"), 172 spouses and domestic partners, and seven surviving family members of five deceased former SFPD employees. (*See* Compl. (ECF No. 40), ¶¶ 1, 16, 31-33 & Exs. A-C.) The Complaint adds boilerplate class action allegations but states that Plaintiffs' class action claims are being brought "[i]n addition to, and in the alternative to, commencing this action in their individual capacities." (*Id.*, ¶¶ 29-30.)

Plaintiffs assert seven causes of action against Defendants, including negligent undertaking/negligent misrepresentation, public nuisance, loss of consortium, wrongful death, negligent infliction of emotional distress, intentional infliction of emotional distress, and RICO.

(*Id.*, ¶¶ 208-298.) In support of their claims, Plaintiffs generally allege that they were exposed to hazardous substances and radiological contamination as a result of their employment with the San Francisco Police Department ("SFPD") in and around Building 606 at Hunters Point from 1997 to the present. (*Id.*, ¶¶ 1-28.) More specifically, Plaintiffs allege that Defendants'[3] misrepresentations to the Navy regarding the type and quantity of hazardous materials released at certain locations within Hunters Points caused the City and County of San Francisco to enter into lease agreements with the Navy in 1997 and 1999 for SFPD employees to work at and around those locations. (*Id.*, ¶¶ 96-116.) Plaintiffs further allege that through several contracts with the Navy for investigation and remediation of radiological contamination at Hunters Point from 1992 through 2014, Defendants negligently performed and supervised the remediation at Hunters Point, fraudulently misrepresented the true extent of hazardous contamination at the site, and allegedly increased Plaintiffs' exposure to hazardous substances. (*Id.*, ¶¶ 17-27; 132-153, 233-239.)

Plaintiffs generally allege that as a result of their alleged "exposure to hazardous substances," they suffered "acute symptoms, including rashes, wheezing, coughing, shortness of breath, and headaches" during the time they worked at Hunters Point. (*Id.*, ¶¶ 27, 204, 224.) Plaintiffs identified as "Group A Plaintiffs" further allege that each of them suffers from "past and future chronic illnesses and diseases both diagnosed and undiagnosed, and known and presently unknown (including, for example, immune compromise, cellular dysfunction, lung cancer, melanoma, basal cell carcinoma, squamous cell carcinoma, thyroid cancer, lymphoma, reproductive cancer, thyroid disease, heart disease, blood disorders, and other chronic medical conditions related to environmental exposure)." (*Id.*, ¶ 225.) Plaintiffs also allege that "[m]ost but not all of [them] were relocated off base by 2009." (*Id.*, ¶ 161.) However, Plaintiffs do not identify who among them remained at Hunters Point beyond 2009.

Plaintiffs also allege that their alleged exposure to hazardous substances at Hunters Point

---

[3] Plaintiffs refer to Defendants collectively as "Tetra Tech" throughout their Complaint to include "Tetra Tech EM, Inc., Tetra Tech EC, Inc., and Tetra Tech, Inc., as well as their predecessor companies, including Foster Wheeler Environmental Corporation, Tetra Tech FW, Inc., and PRC Environmental Management, Inc." (Compl., ¶ 37.)

16737547.1

1    was "a substantial factor in causing Plaintiffs' a heightened risk of developing cancer, lung

2    disease, and other adverse medical conditions in the future." (*Id.*, ¶¶ 27, 226.) Additionally,

3    Plaintiffs allege that individuals identified as "Group A Plaintiffs" "have suffered past and future

4    pain and suffering, including mental suffering, anxiety, and emotional distress, loss of enjoyment

5    of life, and physical impairment," and "have incurred past and future medical monitoring and

6    diagnostic services; past and future expenses for medical care and related treatment; and past and

7    future wage loss and loss of earning capacity." (*Id.*, ¶¶ 227-228.)

8    **IV.    LEGAL STANDARDS**

9           A motion to dismiss under FRCP 12(b)(6) "tests the legal sufficiency of a claim."

10   *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (citation omitted). While

11   the Court must accept as true all well-pleaded factual allegations and construe them in the light

12   most favorable to the plaintiff, *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir.

13   2011), it need not treat as true "[t]hreadbare recitals of the elements of a cause of action, supported

14   by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

15   "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell*

16   *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court may decide whether an applicable

17   statute of limitations bars a plaintiff's claims in a FRCP 12(b)(6) motion when "the running of the

18   statute is apparent on the face of the complaint." *Huynh v. Chase Manhattan Bank*, 465 F.3d 992,

19   997 (9th Cir. 2006) (quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)).

20          In addition, FRCP 8, 9, and 10 require a complaint to include (i) a short plain statement of

21   the claim showing the plaintiff is entitled to relief (FRCP 8(a)(2)); (ii) a statement "with

22   particularity of the circumstances constituting fraud or mistake" (FRCP 9(b)); and (iii) a statement

23   of claims in numbered paragraphs, with each paragraph "limited as far as practicable to a single

24   set of circumstances" (FRCP 10(b)).

25   **V.    ARGUMENT**

26          **A.    Plaintiffs' Claims Are Untimely.**

27          Plaintiffs' personal injury claims based on negligent undertaking/negligent

28

misrepresentation, loss of consortium, wrongful death, negligent infliction of emotional distress, and intentional infliction of emotional distress causes action (Plaintiffs' first, fourth, fifth, sixth, and seventh causes of action) are subject to a two-year statute of limitations. Cal. Civ. Code § 335.1. To the extent Plaintiffs' first cause of action for "negligent undertaking/negligent misrepresentation" sounds in misrepresentation, it too is barred by a two-year statute of limitations. *Butcher v. Truck Ins. Exchange*, 77 Cal.App.4th 1442, 1467–68 (2000). Plaintiffs' claims based on public nuisance (Plaintiffs' second cause of action) are subject to a three-year statute of limitations. *Beck Development Co. v. Southern Pacific Transportation Co.*, 44 Cal.App.4th 1160, 1216 (Cal. Ct. App. 1996). Plaintiffs' civil RICO claims (Plaintiffs' third cause of action) are subject to a four-year statute of limitations. *Pincay v. Andrews*, 238 F.3d 1106, 1108 (9th Cir. 2001) (citation omitted).

Plaintiffs allege that "the majority of [Group A Plaintiffs and Group C Decedents] developed acute symptoms, which predominantly included rashes and other skin conditions, adult-onset asthma, other respiratory complaints, headaches, and fatigue" during the time they worked at Building 606. (Compl., ¶ 204.) Plaintiffs further allege that "[m]ost but not all of [them] were relocated off base by 2009." (*Id.*, ¶ 161.)[4] Therefore, it is clear on the face of the Complaint that Plaintiffs developed their alleged symptoms, and thus, were aware of their alleged injuries by 2009—10 years before they filed this action.

Under California law, a "plaintiff whose complaint shows on its face that his [or her] claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery *and* (2) the inability to have made earlier discovery despite reasonable diligence." *Grisham v. Philip Morris U.S.A., Inc.*, 40 Cal.4th 623, 638 (2007) (internal quotation marks and citation omitted) (emphasis in original); *Plumlee v. Pfizer, Inc.*, 664 Fed. Appx. 651, 652–53 (9th Cir. 2016).

Plaintiffs attempt to invoke the discovery rule here to plead around the statute of

---

[4] As noted previously, Plaintiffs do not identify which of them allegedly remained at Hunters Point beyond 2009.

limitations barring each of their claims by asserting that as a result of Defendants' alleged fraud, concealment, and negligent misrepresentations, Plaintiffs were kept ignorant and unaware of Defendants' alleged wrongdoing, of their own exposure to hazardous materials, and of the true causation of their diseases, injuries, and conditions "until at least July 2018 or later." (Compl., ¶¶ 205-207.) However, Plaintiffs do not explain why they could not have discovered their claims with reasonable diligence prior to July 2018. In fact, Plaintiffs allege no facts demonstrating that the time *and manner* of discovery of their causes of action support tolling the statutes of limitations on their claims. Rather, the only *facts* alleged in the Complaint concerning the time and manner of discovery of Plaintiffs' alleged injuries indicate that Plaintiffs "developed acute symptoms" no later than 2009. (*Id.*, ¶¶ 161, 204.)[5]

Plaintiffs' conclusory allegations that Defendants' alleged fraud, concealment, and negligent representations kept them from discovering their causes of action are insufficient to save their Complaint. Plaintiffs have the burden to plead facts, not conclusions, showing their inability to have discovered their claims despite reasonable diligence. *Grisham*, 40 Cal.4th at 638; *see also Plumlee*, 664 Fed. Appx. at 652-653 ("Under California law, the discovery rule delays accrual of claims only when a plaintiff has no reason to suspect wrongdoing and cannot discover his or her claims with reasonable diligence."). Plaintiffs cannot satisfy this burden. In fact, Plaintiffs concede that the Navy "specifically acknowledged" in 2013 that there was an elevated risk of cancer at Hunters Point. (Compl., ¶ 201.) Also, in 2014, local media reported extensively that TtEC was alleged to have submitted falsified data or was otherwise improperly performing its work at Hunters Point. (Request for Judicial Notice ("RJN") Ex. 1, Vicki Nguyen, *et al.*, *Workers Allege Hunters Point Dirt Needs to be Screened for Radiation*, NBC BAY AREA (Feb. 27, 2014) ("Feb. 27, 2014 NBC Report"); Ex. 2, Vicki Nguyen, *et al.*, *Former Contractors Claim Hunters Point Cleanup is Botched*, NBC BAY AREA (May 19, 2014) ("May 19, 2014 NBC Report"); and Ex. 3, Vicki Nguyen, *et al.*, *Contractor Submitted False Radiation Data at Hunters Point*, NBC BAY

---

[5] The Complaint is also silent regarding the dates that "Group A Plaintiffs" were diagnosed with past chronic illnesses and diseases or when "Group C Decedents" passed away.

1   AREA (Oct. 13, 2014) ("Oct. 13, 2014 NBC Report").)

2          At a minimum, the onset of Plaintiffs' alleged acute symptoms, combined with the Navy's

3   2013 statements about cancer risk at Hunters Point and extensive local media coverage of

4   allegations regarding the clean-up in 2014 should have raised Plaintiffs' suspicions about their

5   alleged symptoms and whether those symptoms indicated compensable injuries. "Once the

6   plaintiff has a suspicion of wrongdoing, and therefore an incentive to sue, she must decide whether

7   to file suit or sit on her rights. So long as a suspicion exists, it is clear that the plaintiff must go

8   find the facts; she cannot wait for the facts to find her." *B.G.N. Fremont Square Ltd. v. Chung*, No.

9   10-cv-09749-GAF (RZx), 2013 WL 12128797, at *12 (C.D. Cal. Sept. 4, 2013) (quoting *Jolly v.*

10  *Eli Lilly & Co.*, 44 Cal.3d 1103, 1111 (1988)). Based on the allegations in their Complaint and the

11  public information available at the time, Plaintiffs should have suspected and discovered, with

12  reasonable diligence, their personal injury claims against Defendants no later than October 2014,

13  at which time the clock on Plaintiffs' first, fourth, fifth, sixth, and seventh causes of action began

14  to run. The two-year statute of limitations on Plaintiffs' personal injury claims expired in 2016,

15  three years before they filed this action.

16         With respect to their public nuisance and civil RICO claims, Plaintiffs do not allege any

17  conduct by Defendants occurring after 2014. (*See* Compl., ¶¶ 17, 21-23, 132, 233, 234, 237, 238,

18  252, 260, 268.) Accordingly, the three-year statute of limitations on Plaintiffs' second cause of

19  action for public nuisance expired no later than 2017, and the four-year statute of limitations on

20  Plaintiffs' civil RICO claims expired no later than 2018.

21         By waiting until November 14, 2019, to initiate this action, Plaintiffs allowed the statute of

22  limitations to expire for each cause of action they assert against Defendants. None of Plaintiffs'

23  claims are timely, and the Court should dismiss the Complaint in its entirety with prejudice.

24      **B.      Plaintiffs Fail to State A Civil RICO Claim Against Defendants.**

25         The Complaint sets forth three boilerplate "counts" of RICO under Plaintiffs' third cause

26  of action: (1) "Acquisition and Maintenance of an Interest in and Control of an Enterprise

27  Engaged in a Pattern of Racketeering Activity: 18 U.S.C. §§ 1961(5), 1962(b);" (2) "Conduct and

28

1   Participation in a RICO Enterprise through a Pattern of Racketeering Activity: 18 U.S.C. §§

2   1961(5), 1962(c);" and (3) "Conspiracy to Engage in a Pattern of Racketeering Activity: 18 U.S.C.

3   §§ 1961(5), 1962(d)." The first three paragraphs of each "count" are identical. (*See* Compl., §§

4   249–51, 256–58, 265–67.)

5                          **1.      Plaintiffs Have Not Pled a RICO Enterprise.**

6          Plaintiffs have not sufficiently pled the element of "enterprise" required for a civil RICO

7   claim. *See Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir.

8   2005) ("The elements of a civil RICO claim are as follows: '(1) conduct (2) of an enterprise

9   (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to

10  plaintiff's 'business or property.'") (quoting *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir.

11  1996)). "A RICO enterprise is an 'individual, partnership, corporation, association, or other legal

12  entity, and any union or group of individuals associated in fact although not a legal entity.'" *Stitt v.*

13  *Citibank, N.A.*, 748 Fed. Appx. 99, 101 (9th Cir. 2018) (quoting *Odom v. Microsoft Corp.*, 486

14  F.3d 541, 548 (9th Cir. 2007) (en banc) (quoting 18 U.S.C. § 1961(4)). "To state an associated-in-

15  fact enterprise, a plaintiff must allege facts to establish three elements: (1) 'a common purpose of

16  engaging in a course of conduct'; (2) 'an ongoing organization, formal or informal'; and

17  (3) 'evidence that various associates function as a continuing unit.'" *Id.* (quoting *Odom*, 486 F.3d

18  at 552). Plaintiffs' have not sufficiently pled a "common purpose," an "ongoing organization," or

19  a "continuing unit." *See, e.g., Chagby v. Target Corp.*, 358 Fed. Appx. 805, 807-808 (9th Cir.

20  2009); *see also Stitt*, 748 Fed. Appx. at 101.

21         Rather, Plaintiffs' simply conclude that "Defendants constituted an 'enterprise'" and allege

22  predicate acts by Defendants of mail fraud and wire fraud by Defendants making unspecified

23  misrepresentations to unspecified persons at the City and the Navy, as well as unspecified

24  Plaintiffs, sometime between 2003 and 2014, regarding the level of contamination and the status

25  of remediation at Hunters Point. (*See* Compl., ¶¶ 132-153; 249-274.) Such general allegations are

26  not sufficient to identify an association-in-fact enterprise with a common purpose, an ongoing

27  organization, or a continuing unit. *See Odom*, 486 F.3d at 548.

28

Moreover, Plaintiffs' allegations of an "enterprise" as between Tetra Tech, Inc. and its subsidiaries Tetra Tech EC, Inc. and Tetra Tech EM, Inc. are "insufficient because a parent and its subsidiary usually cannot constitute a RICO enterprise[.]" *Capitol W. Appraisals v. Countrywide Fin. Corp.*, No. C08-1520RAJ, 2009 WL 10677052, at *6 (W.D. Wash. Sept. 30, 2009) (citing *Nordberg v. Trilegiant Corp.*, 445 F. Supp. 2d 1082, 1090 (N.D. Cal. 2006)). This is particularly true when the corporate defendants are alleged to be acting as a single "person"—as Plaintiffs allege in paragraph 38 of the Complaint[6]—and the "RICO enterprise." *Nordberg*, 445 F. Supp. 2d at 1090; *see also Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1534 (9th Cir. 1992) ("[A] corporate defendant cannot be both the RICO person and the RICO enterprise under section 1962(c).").

### 2.    Plaintiffs' Alleged Personal Injuries Are Not Actionable Under RICO.

In addition to being untimely and failing to allege an enterprise, Plaintiffs' civil RICO claim based on alleged personal injuries is not viable against Defendants. To maintain a civil RICO cause of action, Plaintiffs must show "that [their] alleged harm qualifies as an injury to [their] business or property[.]" *Canyon County v. Syngenta Seeds, Inc.*, 519 F.3d 969, 972 (9th Cir. 2008) (citing *Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 268 (1992); *Sedima S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985)). "Without a harm to a specific business or property interest . . . there is no injury to business or property within the meaning of RICO." *Diaz v. Gates*, 420 F.3d 897, 900 (9th Cir. 2005). Further, "'RICO's private cause of action . . . exclud[es], for example, personal injuries.'" *Bokaie v. Green Earth Coffee LLC*, No. 18-cv-05244-JST, 2018 WL 6813212, at *5 (N.D. Cal. Dec. 27, 2018) (citing *RJR Nabisco, Inc. v. European Cmty.*, 136 S. Ct. 2090, 2108 (2016)). "Personal injuries and financial loss resulting therefrom are not compensable under RICO." *Koenig v. Bank of America, N.A.*, No. 1:13-cv-0693 AWI BAM, 2013 WL 6839625, at *7 (E.D. Cal. Dec. 23, 2013) (citing *Ove v. Guinn*, 264 F.3d 817, 825 (9th Cir. 2001)); *Diaz*, 420 F.3d

---

[6] Paragraph 38 states: "At all times herein mentioned, Defendants, and each of them, were agents, servants, employees, partners, aiders and abettors, co-conspirators, successors, predecessors, and/or joint venturers of each of the other Defendants named herein and were at all times operating and acting within the purpose and scope of said agency, service, employment, partnership, enterprise, conspiracy, and joint venture, and each Defendant has ratified and approved the acts of each of the other remaining Defendants." (Compl., ¶ 38.)

at 899-900.

Here, Plaintiffs do not allege harm to a specific business or property interest. The only harm allegedly suffered by Plaintiffs is personal injuries from alleged exposure to contaminated materials through their work for the SFPD at Hunters Point. (*See* Compl., ¶¶ 27, 154, 224-228, 256, 264, 274.) Therefore, because Plaintiffs' claims are based solely on their alleged personal injuries, they are not actionable under civil RICO, and Plaintiffs' third cause of action should be dismissed as a matter of law. *See Koenig*, 2018 WL 6839625 at *7.

### 3. Plaintiffs' Civil RICO Claims Are Not Pled With Particularity.

In addition, Plaintiffs fail to satisfy FRCP 9(b)'s particularity requirements for a RICO cause of action. Specifically, Plaintiffs allege that Defendants engaged in "mail and wire fraud, which are predicate acts under the RICO statute." (Compl., ¶ 145; *see also* ¶¶ 252-54, 260, 263, 268-70.) Because Plaintiffs allege violations of civil RICO that sound in fraud, each RICO count must be pled with particularity. *See, e.g., Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065-66 (9th Cir. 2004) (FRCP 9(b) applies to civil RICO fraud claims); *see also Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 541 (9th Cir. 1989) ("We have applied the particularity requirements of rule 9(b) to RICO claims"); *see also In re All Terrain Vehicle Litig.*, 771 F. Supp. 1057, 1059-60 (C.D. Cal. 1991) (applying FRCP 9(b) to predicate acts of mail fraud and wire fraud).

In the RICO context, FRCP 9(b) requires that a plaintiff "detail[] with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in the scheme." *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig.*, 785 F. Supp. 2d 883, 919 (C.D. Cal. 2011) (citing *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991)). "A plaintiff may not simply lump together multiple defendants without specifying the role of each defendant in the fraud." *Id.*; *see also Dunson v. Cordis Corp.*, No. 16-cv-03076-SI, 2016 WL 3913666, at *7 (N.D. Cal. July 20, 2016) ("Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant

separately of the allegations surrounding his alleged participation in the fraud.") (quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007)). Rather, Plaintiffs must "distinguish among those they sue and enlighten each defendant as to his or her part in the alleged fraud." *In re Silicon Graphics, Inc. Sec. Litig.*, 970 F. Supp. 746, 752 (N.D. Cal. 1997) (citations omitted).

Plaintiffs fail to allege the time, place, or manner of any specific act of fraud, and also fail to allege with any specificity the role of each Defendant in the alleged fraudulent scheme. Instead, Plaintiffs impermissibly lump all of the Defendants together as "Tetra Tech," which does not satisfy the pleading requirements of a civil RICO cause of action sounding in fraud. *In re Toyota Motor Corp.*, 785 F. Supp. 2d at 919.

Therefore, because Plaintiffs have failed to state a civil RICO claim against Defendants, the Court should dismiss Plaintiffs' third cause of action with prejudice.

**C.    The Complaint Is an Impermissible Shotgun Pleading.**

The Complaint is a "shotgun pleading," violating Rules 8 and 10. Such pleadings "overwhelm defendants with an unclear mass of allegations and make it difficult or impossible for defendants to make informed responses to the plaintiff's allegations." *SEC v. Bardman*, 216 F. Supp. 3d 1041, 1051 (N.D. Cal. 2017) (citation omitted). Shotgun pleading deploys "a multitude of claims and incorporates by reference all of its factual allegations into each claim, making it nearly impossible for Defendants and the Court to determine with any certainty which factual allegations give rise to which claims for relief." *Jackson v. Bank of America, N.A.*, 898 F. 3d 1348, 1356 (11th Cir. 2018). Defendants simply cannot parse the injuries and their alleged genesis.

**1.    Improperly Joined Claims Should Be Severed.**

The Federal Rules prohibit joinder of hundreds of personal injury claims. The Complaint fails to satisfy each Plaintiff's burden of pleading, for each alleged substance, exposure, and injury, that any Defendant caused that Plaintiff's alleged injuries, including facts going to general causation (whether the substance(s) at issue can cause the alleged injury), and specific causation (whether the plaintiff's individual exposure to the substance(s) was responsible for the individual's specific injury or disease). Plaintiffs must identify (i) the alleged substance causing

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

1    the alleged injury; (ii) exposure to each such substance; (iii) facts showing the substance entered

2    his/her body; (iv) that s/he suffers from a specific illness; (v) that each substance alleged to have

3    entered his/her body was a substantial factor in (a) bringing about, (b) prolonging, or (c)

4    aggravating that illness; and (vi) a connection between the substance alleged to have entered

5    his/her body and each named Defendant. *Bockrath v. Aldrich Chemical Co., Inc.*, 21 Cal.4th 71,

6    79-80 (1988) (citation omitted). The Complaint fails this test.

7                                       **2.       The Complaint Violates FRCP 8 and 10.**

8                 Rule 8(a) requires a "short and plain statement of the grounds for the court's jurisdiction

9    [and] a short plain statement of the claim showing the pleader is entitled to relief[.]" If the

10   Complaint's factual allegations are to be accepted as true, then it must contain enough facts to

11   show that the relief Plaintiffs request is "plausible on its face." *Iqbal*, 556 U.S. at 678. Plausibility

12   precludes "[t]hreadbare recitation of the elements of a cause of action, supported by mere

13   conclusory statements[.]" *Id.* "[F]ormulaic recitation of the elements of a cause of action will not

14   do[.]" *Twombly*, 550 U.S. at 555 (citation omitted). "[U]nadorned, the-defendant-unlawfully-

15   harmed-me accusation[s]" do not meet the standard. *Iqbal*, 556 U.S. at 678. Legal conclusions

16   "couched as factual allegation" need not be accepted as true. *Twombly*, 550 U.S. at 555 (citation

17   omitted). The Complaint fails all these minimum standards.

18               Moreover, by incorporating each allegation into every later claim, the Complaint runs afoul

19   of FRCP 10. A pleading that disobeys FRCP 10(b), fails to "frame the issue[s] and provide the

20   basis for informed pretrial proceedings." *Bautista v. Los Angeles County*, 216 F. 3d 837, 841 (9th

21   Cir. 2000). Plaintiffs' flawed Complaint does not permit Defendants to "reasonably frame a

22   responsive pleading." *Bobosky v. adidas* AG, No. 10-CV-00630-PK, 2011 WL 13250946, *2 (D.

23   Or. Jun. 21, 2011).

24                                       **3.       The Class Allegations Should Be Stricken.**

25               Mass personal injury claims are inherently inappropriate for class action treatment where

26   the allegations involve separate alleged injurious exposures (*Amchem Prods., Inc. v. Windsor*, 521

27   U.S. 591, 624-625 (1997)), because they are akin to products liability suits, where no "single

28

16737547.1

1    happening or accident occurs to cause similar types of physical harm or property damage." *In re*

2    *N. D. Cal. Dalkon Shield IUD Prods. Liab. Litig.*, 693 F.2d 847, 853 (9th Cir. 1982). The

3    "commonality" requirement of FRCP 23 requires the proposed class members to "have suffered

4    the same injury[.]" *General Teleph. Co. of Southwest v. Falcon*, 457 U.S. 147, 157 (1982). Class

5    actions are not appropriate where "[n]o single proximate cause applies equally to each potential

6    class member and each defendant." *Dalkon Shield*, 693 F.2d at 853.

7         In determining whether a class action can succeed, *i.e.* whether common questions of law

8    or fact predominate, the focus must be on whether the questions raised by the proposed class

9    action can be answered in the same way, not on whether the questions it asks are the same. *See,*

10   *generally, Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349-350 (2011). California law is in

11   accord. A "class action cannot be maintained where each member's right to recover depends on

12   facts peculiar to his case[.]" *City of San Jose v. Superior Court*, 12 Cal.3d 447, 459 (1974).

13   Commonality also fails when a mass of plaintiffs seek medical monitoring (*see* Compl., ¶ 228)

14   because of alleged exposure to toxic substances. *Lockheed Martin Corp. v. Superior Court*, 29

15   Cal. 4th 1096, 1109–1111 (2003).

16        Pursuant to FRCP 12(f), the Court should strike the class allegations in the Complaint as

17   "redundant" and "immaterial." Class allegations may be stricken at the pleading stage. *Ott v.*

18   *Mortgage Investors Corp. of Ohio, Inc.*, 65 F.Supp.3d 1046, 1062 (D. Or. 2014) (citing *Kamm v.*

19   *California City Dev. Co.*, 509 F.2d 205, 212 (9th Cir. 1975)). Although rare, a Complaint that

20   demonstrates on its face "that a class action cannot be maintained" warrants the grant of an FRCP

21   12(f) motion to strike class allegations. *Id.* (citing *Tietsworth v. Sears, Roebuck & Co.*, 720

22   F.Supp.2d 1123, 1146 (N.D. Cal. 2010). The Complaint here exemplifies an attempt to plead

23   claims as a class action that have no hope of ever satisfying any of the FRCP 23 requirements.

24   Accordingly, the Court should strike the class allegations from the Complaint.

25   **VI.    CONCLUSION**

26        For each of the foregoing reasons, the Court should dismiss Plaintiffs' First Amended

27   Complaint with prejudice.

28

1  DATED:  July 30, 2020                    HANSON BRIDGETT LLP

2

3                                           By:      /s/ Samir J. Abdelnour

4                                                DAVINA PUJARI
                                                 MERTON A. HOWARD
5                                                SAMIR J. ABDELNOUR
                                                 Attorneys for TETRA TECH EC, INC. AND
6                                                TETRA TECH, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16737547.1