WILMER CUTLER PICKERING
  HALE AND DORR LLP
DAVINA PUJARI, SBN 183407
davina.pujari@wilmerhale.com
CHRISTOPHER A. RHEINHEIMER, SBN 253890
chris.rheinheimer@wilmerhale.com
1 Front Street, Suite 3500
San Francisco, California 94111
Telephone:    (628) 235-1002
Facsimile:    (628) 235-1001


WILMER CUTLER PICKERING
  HALE AND DORR LLP
CHRISTOPHER CASAMASSIMA, SBN 211280
chris.casamassima@wilmerhale.com
350 South Grand Avenue, Suite 2400
Los Angeles, California 90071
Telephone: (213) 443-5300
Facsimile: (213) 443-5400


Attorneys for Defendants
TETRA TECH, INC. and TETRA TECH EC, INC.,

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| KEVIN ABBEY, et al.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>TETRA TECH EC, INC., et al.,<br><br>　　　　Defendants. | Case No. 3:19-cv-07510-JD<br><br>**STIPULATION AND [PROPOSED] ORDER] REGARDING BELLWETHER DISCOVERY**<br><br>Assigned to Hon. Judge James Donato |

1   Counsel for Plaintiffs Kevin Abbey, et al. ("Abbey" or "Plaintiffs") and Defendants Tetra
2   Tech, Inc. and Tetra Tech EC, Inc. ("Tetra Tech") (together, the "Parties"), by and through their
3   respective counsel of record, after meeting and conferring regarding the efficient administration
4   of the adjudication of the claims brought by Abbey and Tetra Tech's defenses thereto, submit
5   this Stipulation and [Proposed] Order Regarding Bellwether Discovery, and respectfully request
6   that the Court enter the attached [Proposed] Order in the above-captioned case.

7   WHEREAS, on November 14, 2019, Plaintiffs filed their Complaint as a putative class
8   action against Tetra Tech (ECF No. 1).

9   WHEREAS, on June 16, 2023, the deadline to file a motion for class certification under
10  the Case Management Order ("CMO," ECF No. 178) passed, with Plaintiffs declining to file a
11  class certification motion and instead electing to proceed as a mass tort litigation currently
12  comprising approximately 460 individual Plaintiffs.

13  WHEREAS, on December 29, 2023, February 20, 2024, and February 22, 2024, Abbey
14  identified individual Plaintiffs asserting a claim that Tetra Tech caused them (1) cancer ("Bucket
15  1"); (2) a non-cancer chronic condition ("Bucket 2"); (3) acute symptoms ("Bucket 3"); (4)
16  emotional distress ("Bucket 4"); or (5) a wrongful death or survival action ("Bucket 5").

17  WHEREAS, on March 25, 2024, Tetra Tech EC, Inc. served Interrogatories, Requests for
18  Admission ("RFAs"), and Requests for Production ("RFPs") to individual Plaintiffs.

19  WHEREAS, on May 5, 2024, Tetra Tech EC, Inc. served its Second Set of RFAs to all
20  Plaintiffs.

21  WHEREAS, on June 17, 2024, Abbey served Responses to Tetra Tech EC, Inc.'s Second
22  Set of RFAs, identifying the individual Plaintiffs who are (1) "not claiming, and will not claim in
23  this case, damages for any cancer alleged to be caused by Tetra Tech" (i.e., Plaintiffs not in
24  Bucket 1); (2) "not claiming, and will not claim in this action, damages for any non-cancer
25  chronic condition alleged to be caused by Tetra Tech" (i.e., Plaintiffs not in Bucket 2); (3) "not
26  claiming, and will not claim in this action, damages for any acute symptoms alleged to be caused
27  by Tetra Tech" (i.e., Plaintiffs not in Bucket 3); and (4) not claiming, and will not claim in this
28

action, damages for any physical harm alleged to be caused by Tetra Tech (i.e., Plaintiffs in Bucket 4).

WHEREAS, the Parties agree that it is appropriate to adjudicate Abbey's claims through a bellwether process involving further discovery relating to individual Plaintiffs' claims.

THEREFORE, the Parties stipulate as follows:

1. **Written Discovery:** 36 individual Plaintiffs (which is approximately 7% of the total Abbey Plaintiffs) will respond to TtEC's Interrogatories and RFPs served on March 25, 2024 (the "Written Discovery Plaintiffs"). The Written Discovery Plaintiffs will be comprised of four (4) deceased individual Plaintiffs in Bucket 5, and eight (8) individual Plaintiffs from each of Buckets 1, 2, 3, and 4. Tetra Tech and Abbey will each select half of the 36 Written Discovery Plaintiffs, with each Party selecting two (2) individual Plaintiffs from Bucket 5, and four (4) individual Plaintiffs from each of Buckets 1 through 4. Each Party must identify the individual Plaintiffs it selects within 21 days of the filing of this stipulation. The Written Discovery Plaintiffs' responses to TtEC's March 25, 2024 Interrogatories and RFPs must be served within 30 days of the last day on which the Parties may make their selections. The Parties agree that limited additional written discovery may be issued by Tetra Tech to the Written Discovery Plaintiffs for information regarding the severity and details of any alleged emotional distress, and otherwise for good cause.

2. **Depositions:** 24 of the Written Discovery Plaintiffs (which is approximately 5% of the total Abbey Plaintiffs) may be deposed by Tetra Tech (the "Deposition Plaintiffs").[1] The Deposition Plaintiffs will be comprised of four (4) individual Plaintiffs from Bucket 5, and four to six (4-6) individual Plaintiffs from each of

---

[1] Due to the privacy concerns inherent in depositions of individual Plaintiffs claiming personal, medical, and/or psychological injuries, only parties to this *Abbey et al. v. Tetra Tech et al.* action may receive notice of, attend, and/or access the transcripts and exhibits from depositions of these Plaintiffs or their treating physicians. Consistent with the CMO and ECF No. 260, and for the sake of clarity, depositions in the *Abbey et al. v. Tetra Tech et al.* action shall not be subject to any of the depositions limits or notice requirements identified in the CMO.

Buckets 1, 2, 3, and 4. Tetra Tech and Abbey will each select half of the 24 Deposition Plaintiffs, with each Party selecting two (2) individual Plaintiffs from Bucket 5, and two (2) individual Plaintiffs from any two of Buckets 1 through 4, and three (3) individual Plaintiffs from the remaining two Buckets. Each Party must identify the individual Plaintiffs it selects within 14 days of the service of responses to TtEC's Interrogatories and RFPs pursuant to Paragraph 1.[2]

3. **Bellwether Trials:** Within 30 days of the close of the last deposition of a Deposition Plaintiff, each Party will select an equal number of Deposition Plaintiffs to serve as Bellwether Trial Plaintiffs (the "Bellwether Trial Plaintiffs"). The total number of Bellwether Trial Plaintiffs is to be determined at a later date and is subject to any Order by the Court, but the Parties agree that it shall be no fewer than ten (10) (which is approximately 2% of the total Abbey Plaintiffs).

4. **Treating Physician Depositions:** Prior to the selection of Bellwether Trial Plaintiffs, in addition to deposing the plaintiffs themselves, each Party may depose a maximum of one (1) treating physician of each Deposition Plaintiff in Bucket 1 (cancer), Bucket 2 (a non-cancer chronic condition), Bucket 3 (acute symptoms) and Bucket 5 (wrongful death or survival action) (the "Treating Physicians"). If an individual Plaintiff is selected as a Bellwether Trial Plaintiff, the Parties reserve their rights to depose all additional Treating Physicians of that Bellwether Trial Plaintiff that have not been previously deposed in this Action, and may do so at any point before the start of that Plaintiff's trial.

---

[2] To the extent that the 24 Deposition Plaintiffs do not include at least one Tetra Tech-selected Plaintiff from each Bucket who is claiming heightened emotional distress (*see, e.g.*, ECF 40, ¶¶ 289-293), and one Tetra Tech-selected Plaintiff from each Bucket who is <u>not</u> claiming heightened emotional distress, Tetra Tech may add to each such Bucket a further Deposition Plaintiff from the remaining general population of remaining individual Plaintiffs so that there is at least one Tetra Tech-selected Plaintiff from each Bucket who is claiming heightened emotional distress, and one Tetra Tech-selected Plaintiff from each Bucket who is <u>not</u> claiming heightened emotional distress.

Except as expressly provided for above, all discovery by and of all other Abbey Plaintiffs is stayed until further order of the Court.

**IT IS SO STIPULATED, through Counsel of Record.**

Dated: July 23, 2024                    WILMER CUTLER PICKERING, HALE AND DORR LLP

By:   */s/ Christopher A. Rheinheimer*
     DAVINA PUJARI
     CHRISTOPHER CASAMASSIMA
     CHRISTOPHER A. RHEINHEIMER

*Attorneys for Defendants Tetra Tech, Inc. and Tetra Tech EC, Inc.*

Dated: July 23, 2024                    WALKUP, MELODIA, KELLY AND SCHOENBERGER

By:   */s/ Sara M. Peters*
     KHALDOUN A. BAGHADI (SBN 190111)
     SARA M. PETERS (SBN 260610)
     JADE SMITH-WILLIAMS (SBN 318915)

*Attorneys for PLAINTIFFS KEVIN ABBEY, ET AL.*

**ATTESTATION**

Pursuant to Local Rule 5-1(i)(3), I, Christopher A. Rheinheimer, attest that all other signatures listed, and on whose behalf the filing is submitted, concur in the filing's contents and have authorized the filing.

*/s/ Christopher A. Rheinheimer*
Christopher A. Rheinheimer (SBN 253890)

Case No. 3:19-cv-07510-JD
STIPULATION AND [PROPOSED] ORDER REGARDING BELLWETHER DISCOVERY

**[PROPOSED] ORDER**

Pursuant to the stipulation of the Parties:

1. Within 21 days of the filing of the Stipulation, the Parties will select 36 Plaintiffs pursuant to the Stipulation's terms (the "Written Discovery Plaintiffs"), to respond to TtEC's March 25, 2024 Interrogatories and Requests for Production.

2. The Written Discovery Plaintiffs' responses will be due 30 days from the last day on which the Parties may make their selection of Written Discovery Plaintiffs.

3. Within 14 days of the service of responses to TtEC's Interrogatories and Requests for Production pursuant to Paragraph 1, the Parties will select 24 of the Written Discovery Plaintiffs pursuant to the terms of the Stipulation to be deposed by Tetra Tech (the "Deposition Plaintiffs").

4. Within 30 days of the last Deposition Plaintiff's deposition, each Party will select for trial an equal number of Deposition Plaintiffs pursuant to the Stipulation's terms (the "Bellwether Trial Plaintiffs"). The total number of Bellwether Trial Plaintiffs will be determined at a later date but shall be no fewer than ten (10).

5. Prior to the selection of Bellwether Trial Plaintiffs, each Party may depose a maximum of one (1) treating physician of each Deposition Plaintiff in Bucket 1 (cancer), Bucket 2 (a non-cancer chronic condition), Bucket 3 (acute symptoms) and Bucket 5 (wrongful death or survival action). If an individual Plaintiff is selected as a Bellwether Trial Plaintiff, the Parties may depose all additional treating physicians that have not been previously deposed prior to the start of that Plaintiff's trial. Depositions in this *Abbey et al. v. Tetra Tech et al.* action shall not be subject to any of the deposition limits or notice requirements in the CMO, and only parties to this *Abbey et al. v. Tetra Tech et al.* action may receive notice of, attend, and/or access the transcripts and exhibits from such depositions.

6. Except as expressly provided above, all discovery by and of all other Abbey Plaintiffs is stayed until further order of the Court and such discovery (including

depositions) and any subsequently-permitted discovery is not subject to the limits provided in the CMO, ECF No. 178.

IT IS SO ORDERED.

DATED: _____, 2024

                                                  _____
                                                  Honorable James Donato
                                                  United States District Court Judge