WILMERHALE

August 23, 2024

**Davina Pujari**

+1 628 235 1136 (t)
+1 628 235 1001 (f)
davina.pujari@wilmerhale.com

Honorable James Donato
450 Golden Gate Avenue
San Francisco, CA 94102

Re: **Tetra Tech's Supplemental Letter Brief Regarding Common Legal Interest;** *U.S., ex rel. Jahr, et al., v. Tetra Tech EC, Inc.*, **Case No 3:13-cv-03835-JD**

Dear Judge Donato:

The Tetra Tech Parties respectfully request a ruling on their common legal interest ("CLI") agreements with Stephen Rolfe, Tina Rolfe, and Justin Hubbard.

Mr. Rolfe and Mr. Hubbard are former employees of TtEC and were co-defendants with the Tetra Tech Parties in the *Carpenter* action for almost six years. Both pled guilty in this Court to falsification of records related to remediation work at Hunters Point Naval Shipyard. Both have completed their criminal sentences. Nevertheless, the civil Plaintiffs in these cases have repeatedly called into question the scope of their plea agreements, sought documents related to the statements made in the plea agreements, and asked pointed questions about potential criminal and civil liability during depositions of witnesses who worked with Mr. Rolfe and Mr. Hubbard (including Tina Rolfe). Tina Rolfe is Mr. Rolfe's wife and a former employee of RSRS, a subcontractor that worked at Hunters Point and a co-defendant with TtEC in the *Jahr* action.

Plaintiffs previously challenged the CLI agreement with Tina Rolfe and asked to reopen her deposition to ask questions about preparation. *See* Case No. 13-cv-03835 ECF Nos. 383, 386, 387, 389, 391 ("Jahr"). The United States has asked Stephen Rolfe to produce documents pursuant to the cooperation clause in his plea agreement, even though Mr. Rolfe's criminal case has long been terminated. *See id.* at ECF Nos. 401; 408. Mr. Hubbard's deposition has been scheduled for November 6, 7, and 8, and Mr. Rolfe has offered Plaintiffs November 12, 13, and 14 for his deposition.

On May 4, 2024, the Bayview Residents Plaintiffs dismissed Mr. Rolfe and Mr. Hubbard from the *Carpenter* action. But the case law is clear that party status is not required for a common legal interest to exist. The common interest privilege "protects communications between persons who share a common interest, including third parties who are not named in a lawsuit." *True Health Chiropractic, Inc. v. McKesson Corp.*, 2015 WL 5341592, at *8 (N.D. Cal. Sept. 12, 2015); *see also In re Regents of Univ. of Cal.*, 101 F.3d 1386, 1390 (Fed. Cir. 1996); *United States v. Gonzalez*, 669 F.3d 974, 978 (9th Cir. 2012). And complete alignment of interests is not required for a valid common legal interest to exist. *Gonzalez*, 669 F.3d at 980 ("[P]arties to an asserted JDA need not have identical interests and may even have some adverse motives.") (citing *Hunydee v. United States*, 355 F.2d 183, 185 (9th Cir.1965)); *United States v. Bergonzi*, 216 F.R.D. 487, 495 (N.D. Cal. 2003) ("The privilege does not require a complete unity of

WilmerHale

Honorable James Donato
August 23, 2024
Page 2

interests among the participants, and it may apply where the parties' interests are adverse in substantial respects.") (citations omitted).

Several witnesses have been questioned during their depositions about their own potential civil and/or criminal liability or that of other witnesses:

- Tina Rolfe was questioned during her deposition about her husband Stephen Rolfe's potential criminal liability: "Do you know whether or not your husband is the target of any type of criminal investigation…?" T. Rolfe Dep. Tr. 285:16-23. She was also questioned about her own potential criminal liability: "To your knowledge, has anybody from the federal government or from any state government, any government that you're aware of, advised you, either directly or through your counsel, that you are a target of an investigation for criminal prosecution?" *Id*. at 284:19-23.

- George Chiu was asked: "Do you have any concerns that you may have criminal or civil liability at this point related to your work at Hunters Point Shipyard?" G. Chiu Dep. Tr. 246:19-21.

- Jeff Rolfe was asked: "And you understood that [Stephen Rolfe] pled guilty to knowingly falsifying data …? … And you know – do you know the lawyers … that prosecuted this case are from the Department of Justice. You understand that? … That's the same Department of Justice Mr. Morris works for here. Do you understand that?" J. Rolfe Dep. Tr. 89:8-25.

Also pending with the Court is the United States' request to use a cooperation clause in Mr. Rolfe's plea agreement to force him to turn over privileged communications with the Tetra Tech Parties, even though his criminal case was terminated in June 2021. *Jahr*, ECF Nos. 401, 408.

Thus, Plaintiffs have threatened Tina Rolfe and Stephen Rolfe explicitly with legal exposure, including potential criminal liability, and they both have legal interests in the outcome of this litigation. Both of the Rolfes are represented by separate counsel. Justin Hubbard is similarly situated to Stephen Rolfe and there is no reason to believe Plaintiffs will treat him any differently (and he is also separately represented).

The Tetra Tech Parties, Mr. Rolfe, Mrs. Rolfe, and Mr. Hubbard share a common legal interest in disproving Plaintiffs' allegations in these cases and eliminating their potential legal liabilities. Tetra Tech respectfully requests a ruling that their CLI agreements are valid and enforceable in this litigation.

WILMERHALE

Honorable James Donato
August 23, 2024
Page 3

Respectfully submitted,

WILMER CUTLER PICKERING
HALE AND DORR LLP

 /s/ Davina Pujari
DAVINA PUJARI
CHRISTOPHER A. RHEINHEIMER
1 Front Street, Suite 3500
San Francisco, CA 94111
davina.pujari@wilmerhale.com
chris.rheinheimer@wilmerhale.com

CHRISTOPHER T. CASAMASSIMA
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
chris.casamassima@wilmerhale.com

*Attorneys for Tetra Tech EC, Inc.*